CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 11 2020

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DWAYNE PARKER, | ) |
| Petitioner, | ) Civil Action No. 7:18cv00415 |
| v. | ) MEMORANDUM OPINION |
| WARDEN BRECKON, | ) By: Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

Dwayne Parker, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on 28 U.S.C. § 2255(e), United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. Steiner, 847 F.3d 103 (3d Cir 2017), and, possibly, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[1] Parker seeks to invalidate the sentence imposed on him by the United States District Court for the Eastern District of Pennsylvania in 2010, Case No. 2:09cr00806. Upon review of the record, I conclude that the respondent's motion to dismiss must be granted because I lack jurisdiction to consider Parker's § 2241 petition.

I.

In 2009, Parker pled guilty in the United States District of Pennsylvania to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Parker had three prior convictions in Pennsylvania state court for distribution of cocaine.

---

[1] In reviewing a prior conviction under North Carolina law, Simmons held that a prior conviction could not enhance a sentence if the defendant's criminal history was not sufficient to garner more than a year of imprisonment.

Based on these convictions, the sentencing court found that Parker qualified as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA") and § 4B1.1 of the United States Sentencing Guidelines ("USSG") and, accordingly, sentenced him to 180 months imprisonment, followed by five years of supervised release.[2] Parker appealed, and the Court of Appeals for the Third Circuit affirmed the conviction and sentence.

In June of 2013, Parker filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255, arguing that defense counsel was ineffective in part for failing to object to the Court's conclusion that his 2004 state drug convictions met the requirements of the ACCA. The Eastern District of Pennsylvania denied the motion to vacate. Petitioner filed a second § 2255 motion in 2017, arguing that he no longer met the ACCA definition of armed career criminal under the Supreme Court's ruling in Johnson v. United States, 135 U.S. 2552 (2015). Because Johnson did not address the drug convictions which subjected Parker to the sentence enhancement under the ACCA, the district court dismissed the motion as frivolous.

In his instant § 2241 petition, Parker appears to again argue that his 2004 state drug convictions do not qualify as ACCA predicate offenses and, therefore, his sentence should not have been enhanced. Respondent filed a motion to dismiss the petition. Parker failed to file a response to the motion to dismiss, and the time for him to do so has passed. Therefore, the matter is ripe for decision.

---

[2] Under the ACCA, "a defendant may be sentenced as an Armed Career Criminal (and thus subject to a fifteen-year mandatory minimum sentence) if he violates 18 U.S.C. § 922(g) and has at least three prior convictions for violent felonies or serious drug offenses." Blackwell v. United States, No. 4:10-cr-00012-JLK, 2016 WL 5849384, at *2 (W.D. Va. Oct. 6, 2016).

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); Wheeler, 886 F.3d at 419. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[3]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Id. at 425. Parker bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

---

[3] I have omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). The Pennsylvania district court where Parker was convicted is within the Third Circuit. 28 U.S.C. § 41. Accordingly, while the court must apply the procedural standard in Wheeler, it must do so using Third Circuit substantive law. Id.

Parker challenges the erroneous enhancement of his sentence under the ACCA and USSG based on his prior state drug convictions. He argues that he satisfies the requirements of the savings clause because "a retroactive change in the law, occurring after the time for direct appeal and the filing of his first § 2255 Motion rendered his applicable mandatory minimum unduly increased, resulting in a fundamental defect in his sentence." (Petition at 1.) Parker appears to base his argument on the Supreme Court's decision in Mathis and the Third Circuit's decision in Steiner. The petition quotes at length from Wheeler, which implies that Parker's argument may also rely in part on the Fourth Circuit's Simmons decision.

First, with respect to Mathis, Parker cannot meet the second Wheeler factor. Mathis did not change settled substantive law. As the Fourth Circuit has explained: "Descamps [v. United States, 570 U.S. 254 (2013)] and Mathis did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements." Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished) (citing Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); Descamps, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); United States v. Royal, 731

- 4 -

F.3d 333, 340 (4th Cir. 2013) ("In Descamps, the Supreme Court recently clarified when courts may apply the modified categorical approach.")); see also Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) (unpublished) ("Descamps and Mathis did not announce a substantive change to the law."); Abdul-Sabur v. United States, No. 7:18-cv-00107-GEC, 2019 WL 4040697, at *3 (W.D. Va. Aug. 27, 2019) ("Mathis did not change settled substantive law."), aff'd, 2020 WL 865035 (4th Cir. Feb. 21, 2020) (unpublished); Waddy v. Warden, FCI Petersburg, No. 3:17CV802, 2019 WL 3755496, at *3-4 (E.D. Va. Aug. 8, 2019) (dismissing § 2241 petition upon finding that because Mathis was not a "retroactively applicable change in the substantive law subsequent to [defendant's] direct appeal and his first § 2255 motion, he cannot satisfy the requirements of Wheeler" (quoting Brooks, 735 F. App'x at 109)).

Post-Mathis, the Third Circuit addressed whether a 1993 Pennsylvania burglary conviction qualified as a crime of violence for purposes of an ACCA sentence enhancement. See Steiner, 847 F.3d at 117-18. The court found first that the lower court had not utilized the proper approach in determining that the statute qualified as a crime of violence, id. at 119, and that, utilizing the correct approach, the Pennsylvania statute that was used to enhance the petitioner's sentence was not a crime of violence and should not have been used to enhance his sentence, id. at 120. Steiner is inapposite.

Steiner, as noted above, involved whether a state burglary statute qualified as a crime of violence. In the instant case, Parker's three controlled substance offenses qualified as serious drug crimes under the ACCA. In addressing the statute under which Parker was convicted after Descamps, the Third Circuit held that the petitioner's previous conviction for possession with intent to distribute cocaine was a serious drug offense and properly served as

- 5 -

a predicate offense for the imposition of an enhanced sentence under the ACCA. United States v. Abbott, 748 F.3d 154, 159-60 (3d Cir. 2014) (citing 35 PA Stat. Ann. § 780-11(a)(30)). Subsequently, the Third Circuit reaffirmed that, with respect to the same statute, Mathis did not undermine its holding in Abbott. See Townsend v. Warden Hazelton FCI, 750 F. App'x 177, 181 (3rd Cir. 2018) (unpublished) (noting that "the Supreme Court's decision in Mathis did not undermine Abbott"); United States v. Henderson, 841 F.3d 623, 629 n.5 (3rd Cir. 2016) ("Abbot remains good law."). Therefore, Third Circuit substantive law with respect to Parker's convictions for distribution of crack cocaine has not changed.

To the extent Parker relies on Simmons as substantive law to support his argument, the argument fails. Simmons is a Fourth Circuit decision that is not binding upon courts within other circuits.[4] See Williams v. Ziegler, No. 5:12-cv-0398, 2014 WL 201713, at *4 (S.D. W. Va. Jan. 17, 2013) (citing Goodwin v. United States, No. 1:08-cr-104, 2013 WL 2468365, at *3 (E.D. Tenn. June 7, 2013)). Parker has failed to identify any retroactive Third Circuit case that would substantively change the law applicable to his conviction. Cf. Moss v. Atkinson, 767 F.

---

[4] I note that in reaching its decision in Simmons, the Fourth Circuit relied on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The United States Supreme Court, however, did not make Carachuri-Rosendo retroactive to cases on collateral review. Thus, Carachuri-Rosendo does not establish a substantive change in the law for purposes of the savings clause. On August 21, 2013, the Fourth Circuit held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. Miller v. United States, 735 F.3d 141 (4th Cir. 2013). In Miller, the Fourth Circuit noted that "[t]he fact that this Court relied on Carachuri in reaching its decision in Simmons does not mean that Carachuri itself announced a new rule of substantive criminal law, only that this Court applied Carachuri in such a way as to announce such a [new substantive rule.]" Miller, 735 F.3d at 146. The Fourth Circuit explained that even though "Carachuri is a procedural rule that is not retroactive, this does not mean that Simmons, in applying Carachuri, did not announce a substantive rule that is retroactive." Id. at 147. Although Miller and Simmons may result in a substantive change in the law for individuals convicted in the Fourth Circuit, Parker was convicted in the Third Circuit and cannot sustain his burden of showing a substantive change in the law based upon Simmons, Miller, or Carachuri-Rosendo.

App'x 466, 467-78 (4th Cir. 2019) (unpublished) (noting that petitioner could not satisfy Wheeler's second element because his sentence was still legal under Eleventh Circuit law, where he was sentenced). Therefore, I conclude that Parker is unable to satisfy the second prong of Wheeler and, thus, I lack jurisdiction to consider his § 2241 petition.

### III.

For the reasons stated, I will grant respondent's motion and dismiss Parker's § 2241 petition without prejudice for lack of jurisdiction. Wheeler, 886 F.3d at 424-25 (holding that § 2255(e) is jurisdictional).

ENTERED this 11th day of March, 2020.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE